**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 3:16-336 |
| **AMAURY GUZMAN-ESCOBAR,** | : | (JUDGE MANNION) |
| **Defendant** | : | |

**MEMORANDUM**

Before the court is the *pro se* motion to vacate conviction and correct sentence pursuant to 28 U.S.C. §2255 filed by the Defendant Amaury Guzman-Escobar based upon an error of fact related to the applicability of a two-level enhancement in his in sentencing calculation. (Doc. 101). For the reasons set forth below, the motion will be **DISMISSED AS UNTIMELY** without the need for an evidentiary hearing.

**I.    BACKGROUND**

By way of relevant background, on November 15, 2016, a grand jury returned a four-count Indictment against Defendant and another individual, Crystal Muentes. (Doc. 1).

On September 6, 2017, Defendant entered into a plea agreement wherein he agreed to plead guilty to Count 1 of the Indictment in which he was charged with conspiracy to make false statements in connection with

the acquisition of a firearm, and the government would move to dismiss the remaining Counts. (Doc. 58).

On September 15, 2017, Defendant appeared in court, the court granted his motion to withdraw his plea of not guilty, and Defendant entered a guilty plea to Count 1 of the Indictment. (Doc. 66). The remaining Counts were dismissed.

A Presentence Report ("PSR") was ordered by the court and prepared by the United States Probation Office. A draft PSR was distributed to the parties on November 14, 2017, and a final PSR on January 16, 2018.

The Probation Office filed an addendum to the PSR on January 16, 2018, indicating that Defendant, through counsel, objected to the application of a four-level increase to his base offense level pursuant to Section 2K2.1(b)(5) of the United States Sentencing Guidelines because Defendant engaged in the trafficking of firearms (Doc. 86). Defendant argued that there was no evidence the intended recipient of the firearms was a person whose possession of firearms would be unlawful or that they would be used or disposed of unlawfully. The Probation Office, however, maintained that the enhancement was appropriate in light of the facts of the case—namely, that there would have been no need for Defendant to use a straw purchaser or

- 2 -

to report the firearms as stolen if he had intended to ship them in a lawful manner.

The government filed a sentencing memorandum in response to Defendant's objections, arguing that case law and the fact that the court may rely on common-sense inferences supported the PSR's application of the additional four-levels. (Doc. 89). Defendant also filed a sentencing memorandum, arguing that the case law cited by the government was distinguishable and the government had not presented any facts from which an inference could be made that Defendant had knowledge the firearms would be used or possessed in an unlawful manner, as is necessary for the application of Section 2K2.1(b)(5). (Doc. 92).

On February 2, 2018, the court sentenced Defendant to 24 months' imprisonment. (Doc. 96). The court ultimately overruled Defendant's objection, agreeing with the government that the four-level increase applied.

Defendant did not file an appeal. Instead, on April 3, 2019, Defendant filed the present motion to vacate. (Doc. 101). On May 29, 2019, Defendant filed several documents including a highlighted picture of his docket sheet, a letter to the court regarding his deportation, a copy of his drivers' license and license to carry a firearm, a letter primarily communicating his dissatisfaction with his legal representation, and a document titled, "Questions of

Agreement from the Government." (Doc. 106). On June 3, 2019, the government filed a brief in opposition. (Doc. 107). Defendant did not file a reply brief.

## II.   STANDARD

When a district court judge imposes a sentence on a defendant who believes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255. *See United States v. Eakman*, 378 F.3d 294, 297-98 (3d Cir. 2004).

The rule states, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See United States v. Bendolph*, 409 F.3d 155, 165 n.15 (3d Cir. 2005) (stating district courts have the power to dismiss petitions *sua sponte* during the Rule 4 stage of habeas proceedings).

A Section 2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). A motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner

to raise a collateral attack on his federal sentence for any error that occurred at or prior to sentencing. *See In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). In order to prevail on a Section 2255 motion to vacate, set aside, or correct a sentence, the defendant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, 2008 WL 80048, at *2 (M.D.Pa. Jan. 7, 2008) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). The defendant bears the burden of proof under Section 2255 and must demonstrate his right to relief by a preponderance of the evidence. *United States v. Ayers*, 938 F.Supp.2d 108, 112 (D.D.C. 2013).

### III.   DISCUSSION

As the government observes, it is difficult to decipher the basis of Defendant's motion to vacate. Throughout his form motion, when directed to explain his arguments, Defendant repeatedly refers to an "attached letter"; however, the only attachments to the motion are "Sentence Monitoring Computation Data" sheets, which do not contain any argument. (Doc. 101, at 13-15). At various points in his motion, Defendant also makes vague statements such as, "guilty by pressure," "I did not have a [sic] time and knowledge," and "I have been charged with a [sic] extra time which is 6

levels." (Doc. 101, at 3, 6, 12).[1] Initially, however, the court will address the government's argument that Defendant's motion must be denied as untimely.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a defendant has one year from the time his conviction becomes final to file a Section 2255 motion. *See* 28 U.S.C. §2244. Specifically, the one-year statute of limitations begins to run on any one of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented by making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* §2255(f).

---

[1] The government observes that, prior to his motion to vacate, Defendant filed a letter entitled "Motion—2255 for Bad Representation In My Case," (Doc. 99); however, Defendant did not attach this letter to his present motion. The Clerk of Court construed the letter as a request for Section 2255 forms and forwarded those to him on March 22, 2019. (Doc. 100).

- 6 -

As noted above, the one-year limitations period generally begins to run on "the date on which the judgment of conviction becomes final." *See id.* §2255(f)(1). In this context, a judgment of conviction becomes final on the date on which the time for filing a timely direct appeal expires. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Here, Defendant's judgment of conviction was entered on February 2, 2018. (Doc. 96). Defendant had fourteen days to file a notice of appeal. See Fed.R.App.P.4(b)(1)(A)(i). Defendant did not appeal and, therefore, his judgment of conviction became final on February 16, 2018. Accordingly, Defendant had one year from February 16, 2018, or until February 15, 2019, to file a timely Section 2255 motion.

A review of the record in this case reveals that Defendant did not file his Section 2255 motion until March 28, 2019. (Doc. 101).² Thus, Defendant's Section 2255 motion is facially untimely unless he is entitled either to belated commencement of the limitations period under Section 2255(f)(2)-(4) or equitable tolling.

---

² Defendant dated his motion March 28, 2019, but it was not docketed until April 3, 2019. However, even utilizing the March 28, 2019 date pursuant to the "prisoner mailbox rule," Defendant's motion is still untimely since it was not filed within one year of February 16, 2018. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding "a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court"); *Brewington v. Klopotoski*, 2010 WL 2710526, at *3 n.3 (E.D.Pa. Feb. 23, 2010) (applying the prisoner mailbox rule to "all petitions" filed by *pro se* inmates).

- 7 -

Defendant does not allege any facts that suggest the application of Section 2255(f)(2), (3), or (4) apply. Indeed, Defendant has not acknowledged that his motion is untimely. Although at least one of the letters Defendant included in his May 29, 2019 filing appears to pertain his disagreement with the "extra six levels"—the apparent basis for his motion to vacate—nowhere in these documents does Defendant actually reference Section 2255 or his motion. (Doc. 106, at 10). Even if the court were inclined to construe Defendant's letter as a brief in support of his motion despite his failure to label it as such, or were inclined to consider the merits of the arguments he makes in it, Defendant does not provide any explanation regarding the untimeliness of his motion to vacate or his failure to comply with the Local Rule 7.5 and file a brief within fourteen days of his motion. M.D.Pa. Local Rule 7.5. Accordingly, the one-year statute of limitations for Defendant's motion to vacate remains February 16, 2018, pursuant to 28 U.S.C. §2255(f)(1).

With respect to equitable tolling, a movant can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 637, 649 (2010) (internal quotation marks omitted). Equitable tolling is not applicable where the late filing is due to a movant's excusable neglect. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d

Cir. 2004). The Third Circuit has limited equitable tolling of Section 2255's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). The movant bears the burden of establishing that he is entitled to benefit from equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Defendant has not met his burden of establishing that he is entitled to equitable tolling since he has not attempted to show any of the above circumstances apply. As stated, Defendant has provided no explanation whatsoever for his late filings, nor has he requested that the court grant him the benefit of equitable tolling. Defendant certainly had the opportunity to address the untimeliness issue in a reply brief to the government's brief in opposition; however, he elected not to file one. Accordingly, the court declines to apply equitable tolling to render Defendant's motion timely filed.

## IV. EVIDENTIARY HEARING

Although Defendant does not specifically request an evidentiary hearing, in its brief, the government argues that Defendant's motion should be denied without a hearing. The court agrees.

A court is required to conduct an evidentiary hearing to ascertain the facts "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). Here, as set forth above, the record, motion, and files of this case affirmatively indicate that Defendant is not entitled to relief. Therefore, the court finds that Defendant is not entitled to an evidentiary hearing in this matter.

## V.     CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Thus, a defendant must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the court concludes that jurists of reason would not find the procedural disposition of this case debatable. Accordingly, the court will not issue a COA.

## VI. CONCLUSION

For the reasons set forth above, the court will **DISMISS AS UNTIMELY** Defendant's motion to vacate. (Doc. 101). The court will not conduct an evidentiary hearing and a COA will not issue.

An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION
United States District Judge**

**DATE: January 14, 2021**
16-336-01